**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY THOMAS, | No.  19-15424 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02363-JAM-CKD |
| v. | |
| HIOSSEN, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 27, 2020**
San Francisco, California

Before:  GOULD and CHRISTEN, Circuit Judges, and LASNIK,*** District Judge.

We write primarily for the parties who are familiar with the facts.  Jeffrey

Thomas sued his former employer, Hiossen, Inc. ("Hiossen"), alleging violations

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***       The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

of California's Fair Employment and Housing Act ("FEHA").[1] The district court granted summary judgment in favor of Hiossen. Reviewing *de novo*, *see Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001), we affirm.

1.      The district court did not err in rejecting Thomas's FEHA interactive process claim. Undisputed evidence in the record indicates that Hiossen engaged Thomas in the interactive process despite his ongoing lack of communication with Hiossen. *See, e.g.*, *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 984-85 (2008) ("For the process to work both sides must communicate directly, exchange essential information and neither side can delay or obstruct the process." (internal quotation marks, alterations, and citation omitted)).

2.      The district court did not err by finding there was no evidence that Hiossen failed to provide Thomas with reasonable accommodations. *See* Cal. Gov't Code §§ 12940(a), (m), 12926(p). Thomas's conclusory assertion that Hiossen should have accommodated him with reassignment to an alternative position is belied by unrefuted evidence indicating that he never asked for a different type of job, and that no suitable alternative position was available. *See, e.g.*, *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 377 (2015). Moreover, we are not persuaded by Thomas's argument that Hiossen was required to

---

[1] Thomas also brought claims under the California Family Rights Act ("CFRA"), which are not at issue on appeal.

accommodate him through promotion. *Id.*

3.    Finally, the district court properly concluded that Thomas failed to establish a *prima facie* case of FEHA disability discrimination because he was not a "qualified individual."[2] *See* Cal. Gov't Code §§ 12940(a), 12926(f); 2 Cal. Code Regs. §§ 11065(o), 11066.  The record supports the conclusion that an essential function of Hiossen's Sales Representative position is driving, and Thomas's admissions indicate that his injuries prevented him from doing so. *See, e.g.,* *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1241-43 (9th Cir. 2013). Summary judgment for Hiossen was appropriate.

**AFFIRMED.**

---

[2] Because Thomas has not established a *prima facie* case of disability discrimination, we do not reach his pretext argument.

19-15424